IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VERNON L. COLEMAN,**

                    **Petitioner,**

     v.                                    CASE NO. 12-3036-SAC

**STATE OF KANSAS, et al.,**

                    **Respondents.**

### O R D E R

    This matter comes before the court on a pro se petition seeking a writ of habeas corpus, filed by Vernon L. Coleman, a pretrial detainee confined in the Sedgwick County jail in Wichita, Kansas. The court grants petitioner provisional leave to proceed in forma pauperis for the limited purpose of dismissing the petition without prejudice for the following reasons.[1]

    Petitioner is confined and awaiting trial on criminal charges filed against him in Sedgwick County Case 1995CR589. Petitioner's latest submission of documents in this matter discloses a trial date is currently scheduled in that matter for April 23, 2012.

    To seek habeas corpus relief in federal court, petitioner must

---

[1] The court notes petitioner's failure to submit a petition on a court approved form, *see* D.Kan.Rule 9.1(a)(habeas petitioner must use court approved form), naming the Sedgwick County Sheriff as the proper respondent, *see* 28 U.S.C. § 2242 (habeas petition is to name current custodian as the respondent). The court also notes petitioner's failure to either pay the $5.00 district court filing fee for seeking habeas corpus relief in federal court, or submit a form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915 without payment of the $5.00 district court filing fee. Further delay to allow petitioner an opportunity to address and correct these deficiencies, however, is not necessary under the circumstances where dismissal of the petition without prejudice appears warranted on the face of the record.

first fully exhaust state court remedies. *See generally Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir.2005)(absent a demonstration of futility, a habeas petitioner seeking relief under § 2241 is required to first exhaust available state remedies). *See also Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir.1993)("An attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pretrial habeas corpus.")(internal quotations omitted). The futility exception to this exhaustion requirement is quite limited, however, and is not met in the instant case where remedies in the state district and appellate courts clearly remain open to petitioner in his pending criminal case. *See also Younger v. Harris,* 401 U.S. 37 (1971)(abstention doctrine restricts federal court's intervention in ongoing state criminal proceeding). The court thus concludes dismissal of the instant petition without prejudice is warranted.

IT IS THEREFORE ORDERED that petitioner is granted provisional leave to proceed in forma pauperis for the limited purpose of dismissing the petition for the reasons stated by the court.

IT IS FURTHER ORDERED that the petition is dismissed without prejudice, and that petitioner's motion for dismissal of charges (Doc. 3) and for transport of petitioner to federal court (Doc. 4) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 17th day of April 2012 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge